# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ARTURO MORENO-SILVA,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 06-0190-V-W-DW-P<br>Cr. No. 01-0079-02-CR-W-DW |

**ORDER**

Before the Court is Moreno-Silva's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The government filed a response (Doc. 6) and Movant failed to respond to the Court's April 13, 2006 Order directing him to file a reply.

On June 7, 2001, Movant pleaded guilty to the charge of conspiracy to distribute five or more kilograms of cocaine. Movant's guilty plea was pursuant to a plea agreement wherein he agreed to waive his right to collateral appeal on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines. On October 16, 2001, Movant was sentenced to the statutory minimum of 120 months. No appeal was filed.

Movant filed this § 2255 motion over four years after judgment. Under the Antiterrorism and Effective Death Penalty Act of 1996, a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Accordingly, Movant filed his § 2255 motion out of time. Additionally, Movant is not entitled to relief because he waived the right to attack his sentence on the ground he raises in the pending motion. See United States v. Reynolds, 432 F.3d 821, 823 (8th Cir. 2005). Finally, denial is appropriate without a hearing

because Movant's allegations, accepted as true, would not entitle him to relief. <u>Evans v. United States</u>, 200 F.3d 549, 551 (8th Cir. 2000).

For the foregoing reasons, Movant is not entitled to hearing on the pending motion and the Court DENIES his § 2255 motion to vacate, set aside, or modify sentence. The Court further finds that Movant has failed to make a substantial showing that he has been denied constitutional rights. <u>Garrett v. United States</u>, 211 F.3d 1075, 1076-77 (8th Cir. 2000). Accordingly, he is denied a certificate of appealability.

    IT IS SO ORDERED.

Date: May 31, 2006                                      <u>/s/ DEAN WHIPPLE</u>
                                                                            Dean Whipple
                                                              United States District Court